**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:19-cv-81191**

JAMES TRACY,

     Plaintiff,

 v.                             **JURY TRIAL DEMANDED**

AMY GRANDE

     Defendant.

_____/

## <u>COMPLAINT</u>

COMES NOW Plaintiff, JAMES TRACY, by and through the undersigned counsel, and complaining of Defendant AMY GRANDE and states as follows:

1.     Plaintiff JAMES TRACY is an individual who resides in Palm Beach County, Florida.

2.     Defendant AMY GRANDE is an individual, who resides in Palm Beach County, Florida and at all times material to the allegations contained herein, was employed by the Florida Atlantic University ("FAU") Police Department. GRANDE is sued in her individual capacity.

3.     The Court has jurisdiction over this action under 28 U.S.C § 1331 because Counts I arises under federal law for violations of 18 U.S.C. §§ 2721-2725.

4.     Venue is proper in the U.S. District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim(s) occurred in the Southern District of Florida.

5.      Upon information and belief, as law enforcement personnel for FAU's Police Department, Defendant AMY GRANDE was given access to a statewide electronic information system known as the State of Florida's Driver and Vehicle Information Database, also known as "DAVID".

6.      As law enforcement personnel with access to DAVID, Defendant was trained on the prohibitions of 18 U.S.C. §§ 2721 through 2725, as well as on similar Florida prohibitions against wrongful use of the data systems to access personal information.

7.      The Florida Department of Highway Safety and Motor Vehicles data system includes information on all registered vehicles, vehicle identification numbers, tag numbers, insurance information, registered address information, driver's license information, including full names, birth dates, height, weight, driver's license numbers, home addresses, photographs, signatures and other driver information. All of this information falls under protected information for purposes of 18 U.S.C. § 2721 through § 2724, and is defined as "personal information" under 18 U.S.C. § 2725.

8.      18 U.S.C. § 2724 states that a person who knowingly obtains, discloses or uses personal information from a motor record for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States District Court.

9.      Florida Statutes Section 119.0712(2)(b) states, "Personal information, including highly restricted personal information as defined in 18 U.S.C. s. 2725, contained in a motor vehicle record is confidential pursuant to the federal Driver's Privacy Protection Act of 1994, 18 U.S.C. ss. 2721 et seq." Fla. Stat. § 119.0712 further states, "[e]mergency contact information contained in a motor vehicle record is confidential"

and "[w]ithout the express consent of the person to whom such emergency contact information applies, the emergency contact information contained in a motor vehicle record may be released only to law enforcement agencies for purposes of contacting those listed in the event of an emergency."

10.     Suspecting his personal information and records had been illegally accessed, Plaintiff submitted a Public Record Request pursuant to Article I, Section 24 of the Florida Constitution and Chapter 119, Florida Statutes, to the Florida Department of  Highway Safety and Motor Vehicles ("FL DHSMV"). Plaintiff received a FL DHSMV report, in response to his Public Record Request (the "Report"). The Report is attached as Exhibit A.

11.     The Report indicates that Defendant AMY GRANDE made two (2) unwarranted and illegal inquiries on December 18, 2015. See Exhibit A.

### COUNT I
**For Violations of Driver's Privacy Protection Act (18 U.S.C. § 2721, *et seq.*)**

12.     Plaintiff repeats and re-alleges all of the paragraphs (1) through (10) above, as if fully set forth herein.

13.     Plaintiff provided personal information to the Florida Department of Highway Safety and Motor Vehicles, including, but not limited to, his address, photograph, vehicle information, signature, social security number, date of birth, weight, height and eye color for the purpose of acquiring and utilizing a State of Florida driver's license.

14.     Florida's Driver and Vehicle Information Database also maintains Plaintiff's driving record, vehicle information, signature, transaction details, and highly restricted personal information, including Plaintiff's photograph and social security number.

15.     At no time did Plaintiff provide consent for AMY GRANDE to obtain, disclose, or use his private personal information maintained in Florida's Driver and Vehicle Information Database for anything but official law enforcement business.

16.     Intentionally obtaining, disclosing, or using driver's license information without an authorized purpose is a violation of the Driver's Privacy Protection Act ("DPPA"). The statute provides for criminal fines and civil penalties. 18 U.S.C. § 2721 et seq.

17.     The DPPA creates an individual right to privacy in a person's driver's license information, thereby prohibiting unauthorized access of Plaintiff's protected personal and highly confidential personal information.

18.     The DPPA provides redress for violations of a person's protected interests in the privacy of their motor vehicle records and identifying information therein.

19.     Defendant AMY GRANDE has invaded Plaintiff's legally protected interest under the DPPA.

20.     Defendant AMY GRANDE did unlawfully access Plaintiff's private personal information by entering Plaintiff's identifying information into the DAVID system for no lawful purpose and retrieved and obtained the Plaintiff's private personal information and record. (See Exhibit "A").

21.     Upon information and belief, the information retrieved and accessed by Defendant AMY GRANDE as described in the preceding paragraphs was obtained in willful and/or reckless disregard of the law, and/or for the purpose and intent to harm, injure, harass and/or invade the privacy of Plaintiff.

22.     Defendant's inquiries did not fall within the DPPA's permitted exceptions for procurement of Plaintiff's private information.

23.     Defendant knew or should have known that her actions were unlawful and in violation of the DPPA.

24.     Plaintiff has suffered harm because his private information has been obtained unlawfully, including ongoing harm by virtue of the increased risk that his protected information is in the possession of Defendant or other persons, firms, or corporations in active concert or participation with her who obtained it without a legitimate purpose. This is precisely the harm Congress sought to prevent by enacting DPPA.

25.     Plaintiff is entitled to attorneys' fees and costs as prescribed by 18 U.S.C. § 2724 and punitive damages as punishment for Defendant AMY GRANDE's willful and/or reckless disregard of the law and to deter unlawful conduct of the Defendant and others similarly situated as allowed by 18 U.S.C. § 2724. See *Reno v. Condon*, 528 U.S. 141, 144 (2000) (holding that "any person who knowingly obtains, discloses, or uses information from a state motor vehicle record for a use other than those specifically permitted by the DPPA may be subject to liability in a civil action brought by the driver to whom the information pertains").

26.     This claim is not subject to the pleading or notice requirement of Florida law as set forth in Fla. Sta. § 768.72.

27.     In addition, under the DPPA, Plaintiff is entitled to a baseline liquated damages award of at least $2,500.00 for each of the Defendant's violations of the DPPA. 18 U.S.C. § 2724(b)(1).

28.     Plaintiff is also entitled to equitable relief pursuant to 18 U.S.C. § 2724(b)(4), in the form of a permanent injunction enjoining Defendant AMY GRANDE from obtaining, using or disclosing Plaintiff's private and highly confidential personal

information in violation of the DPPA and other applicable laws.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff JAMES TRACY respectfully request this Honorable Court enter Judgment in his favor against the Defendant AMY GRANDE and award Plaintiff: (1) liquidated damages of at least $2,500 for each violation of the DPPA under l8 U.S.C. § 2721(b)(1); (2) compensatory and punitive damages in an amount to be determined by a jury; (3) award Plaintiff's costs, including reasonable attorneys' fees and prejudgment interest; and (4) enter an Order permanently enjoining Defendant, including but not limited to all other persons, firms, or corporations in active concert or participation with Defendant, from obtaining, using or disclosing Plaintiff's private and highly confidential personal information in violation of the DPPA and other applicable laws and barring Defendant from invading Plaintiff's privacy; along with such other relief as the Court deems just and proper.

DATED: 8/23/2019                    **FLORIDA CIVIL RIGHTS COALITION, P.L.L.C.**

/s/ Louis Leo IV
**Louis Leo IV, Esq.**
FL Bar No. 83837
Email: louis@floridacivilrights.org
**Joel Medgebow, Esq.**
FL Bar No. 84483
Email: joel@medgebowlaw.com
4171 W. Hillsboro Blvd. Suite 9
Coconut Creek, FL 33073
Telephone: (954) 478-4223
Fax: (954) 239-7771

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial in accordance with Fed. R. Civ. P. 38 and the 7th Amendment to the Constitution on any issue triable of right by jury.

DATED: 8/23/2019                              Respectfully submitted,

                                             /s/ Louis Leo IV
                                             Louis Leo IV, Esq.